**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

STEVEN R. TACKETT,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO. 2:13-CV-00506
CRIM. NO. 2:10-CR-00140
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

On December 10, 2014, this Court dismissed Petitioner's motion to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 108.) On February 23, 2015, Petitioner filed a Motion for Extension of Time to Submit Certificate of Appeal. (ECF No. 111.) On June 12, 2015, the Magistrate Judge issued an Order granting Petitioner an extension of time until June 26, 2015 to file the appeal. (ECF No. 112.) On June 29, 2015, Petitioner filed a Notice of Appeal. (ECF No. 113.)[1] However, Petitioner indicated in the Notice of Appeal that it applied to the Magistrate Judge's June 12, 2015 Order extending the time period for the filing of the appeal. (ECF No. 113, at Page ID # 617.) The United States Court of Appeals for the Sixth Circuit therefore dismissed the appeal for lack of jurisdiction over an appeal from a magistrate judge's order, noting that any review of a magistrate judge's ruling lies with the district judge. (ECF No. 114.)

On October 19, 2015, Petitioner then filed a Motion for Certificate of Appealability from the Court's December 10, 2014 dismissal of his motion to vacate, set aside, or correct sentence that is currently before the Court. (ECF No. 115.) Petitioner requests the Court's "consideration

---

[1] Petitioner indicates that he signed the Notice of Appeal on June 19, 2015.

of review by a district court judge to comply with the Court of Appeals requirements. . . ." To the extent Petitioner seeks a certificate of appealability, his motion plainly is untimely, having been filed approximately four months late. *See* Fed. R. App. P. 4(a)(1)(B) (notice of appeal may be filed within 60 days after the entry of judgment or order appealed from if the United States is a party to the action). "A timely notice of appeal 'is both a mandatory and a jurisdictional prerequisite.'" *Love v. United States*, No. 2:02-cr-177; 2:04-cv-522, 2007 WL 1599020, at *1 (S.D. Ohio June 4, 2007) (quoting *United States v. Perry*, 360 F.3d 519, 523 (6th Cir. 2004) (additional internal quotation marks omitted)). *See also Intera Corp. v. Henderson III*, 428 F.3d 605, 611 (6th Cir. 2005); *Peake v. First Nat'l Bank & Trust*, 717 F.2d 1016, 1018 (6th Cir. 1983); *United States v. Means*, 133 F.3d 444, 448 (6th Cir. 1998)). To the extent Petitioner objects to the Magistrate Judge's June 12, 2015 Order granting him an extension of time, that objection is also late and has no merit.

Even if this Court had jurisdiction to consider Petitioner's Motion for a Certificate of Appealability, the Court would deny the motion. Petitioner asserts that he was denied the effective assistance of trial and appellate counsel, that he was denied the right to be present at his guilty plea hearing, that he was forced to plead guilty, that he was convicted in violation of the Fourth amendment, and that the evidence is constitutionally insufficient to sustain his conviction. The Court dismissed these claims as waived or without merit.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S.Ct. 2647, 2650 (2015). *See also* 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The prisoner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C.

§ 2253(c)(2).  This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983).  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)).  To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S. at 893 n.4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.  Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.  Petitioner has failed to meet this standard here.

The Court therefore **DENIES** Petitioner's Motion for Certificate of Appealability.  (ECF No. 115.)

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

3